Leo J. UTECHT, Plaintiff–Appellant,

and

Pro–Tect Medical Products, Inc.,
Third Party Defendant,

v.

Mary Lou OLSON, Defendant/Third
Party Plaintiff–Appellee,

and

DT Labs/Bio–Protective Products, Inc.,
Defendants/Third Party Plaintiff.

No. 01–1127.

United States Court of Appeals,
Federal Circuit.

DECIDED: June 24, 2002.

Before SCHALL, BRYSON, and DYK, Circuit Judges.

ORDER

PER CURIAM.

Plaintiff–Appellant Leo J. Utecht appeals the November 9, 2000, Order of the United States District Court for the District of Minnesota, dismissing his declaratory relief action asserting that certain products made by his licensee, Protect Medical Products, Inc. ("Protect"), do not infringe defendant Mary Lou Olson's U.S. Patent Nos. 4,964,188, 5,301,806, and RE 35,814 (" '814 patent"), for lack of standing. In the same Order, the court also dismissed on the merits all other federal and state claims brought by Utecht and Protect. However, the district court's Order and entry of judgment neither addressed nor resolved the Counterclaim and Third Party Complaint filed by Olson and DT Labs/Bio–Protective Products, Inc. ("DT Labs") that alleged, *inter alia*, infringement of the '814 patent.

Given the ostensible lack of either a final judgment on the counterclaim or a certification for appeal pursuant to Fed.R.Civ.P. 54(b), we issued an Order asking the parties to file briefs addressing "whether the absence of a final judgment resolving all claims at issue in the litigation between the parties precludes this court's assertion of jurisdiction over Utecht's appeal." Utecht did not respond, while Olson responded to our Order as follows:

> [I]t appears, upon review of the pertinent pleadings, that the Orders entered by the District Court ... are not final Orders. In addition, we do not find any entries in the Pleadings relative to a certification by the District Judge pursuant to Rule 54(b) or the other exceptions for jurisdiction.

We find no final judgment resolving the infringement counterclaim filed by Olson and DT Labs. The district court denied Utecht and Protect's motion for summary judgment of non-infringement and dismissal of the counterclaim on July 16, 2000. The court's ensuing dismissal of their declaratory judgment and associated claims did not resolve the infringement counterclaim.

Under 28 U.S.C. § 1295(a)(1) (2000), this court has jurisdiction over an "appeal from a final decision of a district court of the United States" if that court's jurisdiction was based, in whole or in part, on 28 U.S.C. § 1338. A final decision or order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute judgment." *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 204, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)). By contrast, a denial of a motion for summary judgment that does not resolve all claims in the litigation is an interlocutory order, which, with few exceptions, is not subject to appellate review. *See* 28 U.S.C. § 1292(d)(1); *Gerber Garment Tech., Inc. v. Lectra Sys., Inc.*, 916 F.2d 683, 686 (Fed.Cir.1990) ("The denial of Gerber's motion for summary judgment is interlocutory, nonfinal and nonappealable."); *Helifix, Ltd. v. Blok–Lok, Ltd.*, 208 F.3d 1339, 1345 (Fed.Cir.2000). None of the exceptions to the general rule that non-final orders are not appealable, such as a certification for appeal pursuant to Fed.R.Civ.P. 54(b), is present in this case. Accordingly, since Olson and DT Labs' infringement counterclaim remains unresolved, we lack jurisdiction to adjudicate Utecht's appeal.

IT IS ORDERED THAT:

(1) Utecht's appeal is dismissed.

(2) Utecht's MOTION FOR GRANT OF RELIEF SOUGHT ON APPEAL is denied as moot.

(3) Olson's and DT Labs/Bio–Protective Products, Inc.'s MOTION FOR NOTICE OF NAME CHANGE OF THIRD PARTY DEFENDANT FROM PRO–TECT MEDICAL PRODUCTS TO PENN MEDICAL SUPPLIES, INC. is denied as moot.